IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LARRY W. RADER,

                           Plaintiff,

v.                                             OPINION and ORDER

ALLY FINANCIAL, INC.,                      23-cv-668-jdp

                           Defendant.

---

Plaintiff Larry Rader, proceeding without counsel, brings this lawsuit against Ally Financial, Inc. The case arises from a state-court replevin action that led to the repossession of his car.

Rader moves for default judgment, contending that Ally did not timely respond to his complaint. Dkt. 5. Ally moves to dismiss Rader's complaint, Dkt. 8, and to strike Rader's motion for default judgment, Dkt. 13. Ally also seeks sanctions under Rule 11. Dkt. 11. I will grant Ally's motion to dismiss because Rader's claims are either barred under the *Rooker-Feldman* doctrine or assert theories that do not support a private civil cause of action. I will deny Rader's motion for default judgment and Ally's motion for Rule 11 sanctions.

BACKGROUND

In 2019, Rader purchased a Toyota Corolla, which was subject to a security interest that was assigned to Ally. In 2021, after Rader failed to make several monthly payments, Ally filed a consumer replevin complaint against him in Marathon County Circuit Court. *Ally Capital Corp. v. Rader*, Marathon County Case No. 2021SC487. The circuit court held that Ally was entitled to possession of the vehicle. Dkt. 9-1, at 1–3.

Rader appealed, arguing that the security interest was invalid, that Ally lacked standing to enforce it, and that his due process rights were violated because the case was heard in small claims court. *See Ally Capital Corp. v. Rader*, No. 2021AP840, 2022 WL 17098324, *2 (Wis. Ct. App. Nov. 22, 2022). The Wisconsin Court of Appeals affirmed the circuit court's decision, noting that Rader failed to: (1) properly preserve many of his arguments at the circuit court level; (2) support his arguments with facts or citations to the record; and (3) provide an explanation for why there was no valid assignment of the security interest. *Id.* Both the circuit court and the court of appeals stated that Rader was free to file a separate action against Ally for damages or deficiencies aside from the replevin, but that the judgment of Ally's entitlement to replevin was final. Dkt. 9–1 at 3; *Ally Capital Corp.*, 2022 WL 17098324 at *3. The Wisconsin Supreme Court denied Rader's petition for review. *Ally Capital Corp v. Rader*, 2022 WI 88, 989 N.W.2d 763.

In his complaint in this court, Rader contends that Ally "unlawfully had the Marathon County sheriff replevin a car titled in plaintiff's name in which it had no valid security interest." Dkt. 1, ¶ 3. He contends that he was deprived of his civil rights under 42 U.S.C. § 1983, that Ally committed fraud in violation of 18 U.S.C. § 1341, and that Ally violated state law. He also alleges that Ally's counsel practiced law in Wisconsin without proper authorization. Dkt. 1, ¶¶ 5 and 6.

ANALYSIS

A. Rader's motion for default judgment

Rader moves for default judgment, stating that Ally failed to file a responsive pleading or motion within the 21-day period required by Federal Rule of Civil Procedure 12(a)(1)(A)(i).

2

Dkt. 5. Ally moves strike Rader's motion for default judgment as frivolous, stating that it timely filed a motion to dismiss. Dkt. 13 at 2, ¶ 6.

Rader mistakenly asserts that the date of service was September 28, 2023, Dkt. 5, and that Ally's deadline to respond was October 19. Actually, service was made on October 6, Dkt. 3, so to comply with the 21-day deadline, Ally's response was due October 27.

But Ally had trouble filing its responsive motion on October 27. The court disregarded the filing because Ally did not follow the court's electronic filing procedures by filing its briefs, affidavits, and declarations as separate docket entries. Dkt. 7; Dkt. 21 at 2, ¶ 7. Ally refiled its motion and supporting materials on October 30, three days after the deadline.

I will deny Rader's motion for default judgment. The Court of Appeals for the Seventh Circuit has a "well established policy" for "favoring a trial on the merits over a default judgment." *Sun v. Board of Trustees of University of Illinois*, 473 F.3d 799, 811–12 (7th Cir. 2007). A court many enter a default judgment "only when a party willfully disregards pending litigation." *Id.* Ally has not willfully disregarded this litigation. It made technical errors in docketing an otherwise timely response.

Rader's motion for default judgment was a waste of time, but so was the motion to strike it. Both those motions are denied.

**B. Ally's motion to dismiss**

Ally moves to dismiss Rader's complaint on the grounds that some of his claims are barred by the doctrine of claim preclusion, other claims are frivolous, and his allegations fail to meet the pleading standards required under Federal Rule of Civil Procedure 8(a)(2). Dkt. 9. But before getting to those arguments, I must address whether this court has subject-matter

3

jurisdiction over Rader's claims. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("Subject-matter jurisdiction can never be waived or forfeited.").

Under the *Rooker-Feldman* doctrine, litigants may not bring suit in federal district court "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 283 (2005). In his complaint, Rader alleges that Ally "embezzle[d] property of the plaintiff, creating a debt entitling plaintiff to compensatory and punitive damages." Dkt. 1, ¶ 5. He alleges that the "embezzlement" was a violation of the Consumer Financial Protection Act. *Id.*, ¶ 3; Dkt. 18, ¶ 1. He also alleges that Ally committed fraud upon the state court because it "withheld and misrepresented evidence to the court" by submitting a falsified security agreement. Dkt. 17. It is clear that the overall premise of his complaint is that he is entitled to the value of the car because the replevin was wrongful. But this court cannot issue him a judgment for the value of the car: *Rooker-Feldman* does not bar all claims for money damages but it does bar damages claims meant to offset the value of the property subject to the writ of replevin. *Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, No. 22-1037, 2024 WL 3616798, *32, slip op. (7th Cir. Aug. 1, 2024) (en banc) (a portion of Judge Kirsch's concurrence-in-part operating as the majority).

Portions of Rader's complaint are not barred by the *Rooker-Feldman* doctrine, but they fail to state any other claim upon which relief can be granted. Rader alleges that Ally violated the Consumer Financial Protection Act and 18 U.S.C. § 1341, a federal criminal statute, and that Ally's lawyers practiced law in Wisconsin without authorization. But none of these theories create a private civil cause of action. So I will grant Ally's motion to dismiss.

The Court of Appeals for the Seventh Circuit has cautioned against dismissing an unrepresented plaintiff's case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). I see no other plausible amendments that Rader could make to state a viable cause of action that this court could consider. I will dismiss the case with prejudice.

## C. Ally's motion for Rule 11 sanctions

Ally contends that both Rader's complaint and motion for default judgment are frivolous under Federal Rule of Civil Procedure Rule 11. It requests an award of sanctions in the form of reasonable attorney's fees. Dkt. 11 and Dkt. 12.

A party seeking sanctions for a violation of Rule 11 must, before filing a motion, serve the motion on the opposing party and give them an opportunity to withdraw or correct the offending filing. Fed. R. Civ. P. 11(c)(2). If the filing is not withdrawn or corrected with 21 days, the aggrieved party may file a motion for sanctions. A party requesting sanctions to fulfill Rule 11(c)(2) needs to substantially comply with the notice requirement. *Nisenbaum v. Milwaukee Cnty.*, 333 F.3d 804, 808 (7th Cir. 2003) (finding that sending demand letter, rather than formal service of the motion, constituted substantial compliance); *see also N. Illinois Telecom, Inc., v. PNC Bank, N.A.*, 850 F.3d 880, 886 (7th Cir. 2017) (letter threatening sanctions within a few days was not substantial compliance under *Nisenbaum*).

Nothing in the record suggest that Ally complied with the notice requirement at all. On October 27, 2023, Rader asserted that he had "received no contact from the defendant by counsel or otherwise." Dkt. 5. Ally filed its motion for Rule 11 sanctions on October 30, the same day that it filed its motion to dismiss and motion to strike Rader's motion for default judgment. Dkt. 8; Dkt. 11; Dkt. 13. Counsel certified that he served a copy of the supporting

5

brief for the motion for Rule 11 sanctions on Rader on October 30. Dkt. 12. Ally does not assert that it complied with the notice requirement in any of these filings. Because Ally did not even meet the "generous target of substantial compliance," *N. Illinois Telecom, Inc.*, 850 F.3d at 888, I will deny Ally's motion for Rule 11 sanctions.

ORDER

IT IS ORDERED that:

1. Defendant's motion to strike plaintiff's motion for default judgment, Dkt. 13, is DENIED.

2. Plaintiff's motion for default judgment, Dkt. 5, is DENIED.

3. Defendant's motion to dismiss, Dkt. 8, is GRANTED.

4. Defendant's motion for Rule 11 sanctions, Dkt. 11, is DENIED.

5. The clerk of court is directed to enter judgment accordingly and close the case.

Entered August 21, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge